**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **CRAIG M. BETHEL,** | : | |
| | : | **Bankruptcy No. 04-35014-MBM** |
| Debtor. | : | |

.................................................................:.......................................................

| | | |
|---|---|---|
| **Maria C. Bethel,** | : | **Chapter 7** |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 05-2305-MBM** |
| | : | |
| **Craig M. Bethel,** | : | |
| Defendant. | : | |

## <u>MEMORANDUM</u>

**AND NOW,** this **29th day** of **January, 2007**, upon consideration of (a) the adversary complaint filed by Maria Bethel, plaintiff herein (hereafter "the Plaintiff") and ex-spouse of Craig Bethel, the instant debtor (hereafter "the Debtor"), wherein the Plaintiff seeks a determination by the Court that a particular claim that she has against the Debtor – which claim she apparently values at $13,608.15 – is nondischargeable pursuant to 11 U.S.C. § 523(a)(15), and (b) the parties' other submissions in the instant adversary proceeding;

and after notice and a trial on the matter held on December 6, 2006;

it is **hereby determined that the Court shall issue an order to the effect that such claim of the Plaintiff is NONDISCHARGEABLE pursuant to § 523(a)(15)**, that is such claim is excepted from the Debtor's Chapter 7 discharge. The rationale for the Court's decision is briefly set forth below.

### I.

As an initial matter, the Court does not understand the Debtor to dispute,

but in any event the Court holds, that the debt in question – i.e., the one that the Plaintiff values at $13,608.15 (hereafter "the Divorce Debt") – constitutes a debt of the kind that potentially may be declared nondischargeable pursuant to § 523(a)(15), that is such debt is not for alimony, maintenance, or support, and such debt was incurred by the Debtor in the course of the parties' divorce and pursuant to a court order entered in connection therewith.

Furthermore, the Court determines that it need not, in the course of ruling on the nondischargeability of the Divorce Debt, ascertain the precise amount that remains due and owing from the Debtor to the Plaintiff relative to such debt. The Court so rules for several reasons. First, the disparity between what each party contends remains so due and owing is, for purposes of the Court's nondischargeability analysis under § 523(a)(15), relatively minimal and, thus, insignificant – i.e., a difference of $1,518, which difference results because the Plaintiff seeks $13,608.15 on the Divorce Debt, whereas the Debtor contends that he has made payments on such debt so that what remains due and owing is $12,090.15. Second, if the Plaintiff needs to resort to future court action in order to collect on the Divorce Debt, she will need to do so in the appropriate Pennsylvania state court given that this Court's subject matter jurisdiction extends only to the issue of such debt's nondischargeability, not the enforcement of such debt or its ultimate liquidation. Consequently, it matters not to this Court what the precise amount of such debt is as long as any disparity among the parties relative to such amount is, as set forth above, insignificant.

2

**II.**

The Court next holds that "the Debtor, in order to defeat a finding of

nondischargeability under § 523(a)(15) [relative to the Divorce Debt], bears the

burden of proving ... [at] trial ..., that one of the conditions set forth in

§ 523(a)(15)(A) & (B) exists."  In re Tielsch, 299 B.R. 114, 116 (Bankr.W.D.Pa.

2003); *see also* 4 Collier on Bankruptcy, ¶ 523.21[2] at 523-121 (Bender 2006)

(same regarding assignment of relevant burden of proof).  Having so held, the

Court holds, in turn, that the Debtor fails to prove, by the necessary

preponderance of the evidence, that one of such conditions exists.

With respect to § 523(a)(15)(A) in particular, the Court concludes that the

Debtor has the ability to pay the Divorce Debt from income not reasonably

necessary for the support of himself and his dependents.  The Court so rules,

and notwithstanding that the Debtor produced evidence at the December 6, 2006

trial that tends to establish his inability to so pay the Divorce Debt, because (a)

"the Court, as a matter of law, is permitted to consider, when ascertaining a

debtor's ability to pay for purposes of § 523(a)(15), not only the income that the

debtor currently produces but also the income that the debtor is capable of

producing, both now and in the future," Tielsch, 299 B.R. at 116 (citing numerous

case authorities for such proposition at footnote 1 therein), and (b) the Debtor,

the Court finds, presently chooses to underemploy himself.  The Court concludes

that the Debtor presently chooses to underemploy himself because, as of

January 2006, the Debtor presently works but two part-time jobs that pay only

slightly more than minimum wage (supposedly so that he may focus his attention

on his pursuit of a college education), yet at points prior to such time, as evidenced by the Debtor's employment as a reservation agent for an airline from April 2001 until July 2005, the Debtor engaged in much more meaningful employment that generated substantially greater income.

As for § 523(a)(15)(B), the Court holds that the benefit to the Debtor that would result from a discharge of the Divorce Debt does not outweigh the detriment which the Plaintiff would suffer from such discharge. The Court so holds, in large part, because, while the Plaintiff makes roughly $5 more per hour in her present employment than does the Debtor with respect to his, the Plaintiff also has full custody of the parties' three minor children. Such conclusion by the Court is also supported, in part, by the Court's determination, as set forth in the preceding paragraph, that the Debtor, if he so chose, could fully employ himself and thereby improve his financial circumstances.

### III.

For all of the foregoing reasons, the Divorce Debt is declared nondischargeable pursuant to § 523(a)(15). Therefore, the Court shall enter an appropriate order that grants judgment to the Plaintiff in the instant adversary proceeding.

**BY THE COURT**

**  /s/                                      **

**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **CRAIG M. BETHEL,** | : | |
| | : | **Bankruptcy No. 04-35014-MBM** |
| Debtor. | : | |

......................................................................:.......................................................................

| | | |
|---|---|---|
| **Maria C. Bethel,** | : | **Chapter 7** |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 05-2305-MBM** |
| | : | |
| **Craig M. Bethel,** | : | |
| Defendant. | : | |

**<u>ORDER OF COURT</u>**

　　　　**AND NOW,** this **29th day** of **January, 2007**, for the reasons set forth in

the accompanying Memorandum of the same date, it is **hereby ORDERED,**

**ADJUDGED, AND DECREED** that **judgment is entered** in the instant adversary

proceeding **in favor of Maria Bethel**, plaintiff herein; accordingly, that claim that

she possesses against Craig Bethel, the instant debtor, which she seeks to have

declared nondischargeable in the instant adversary proceeding (valued by her at

$13,608.15) is declared **NONDISCHARGEABLE pursuant to 11 U.S.C.**

**§ 523(a)(15)**.

　　　　　　　　　　　　　　　**BY THE COURT**


　　　　　　　　　　　　　　　**/s/**_____

　　　　　　　　　　　　　　　**M. BRUCE McCULLOUGH,**
　　　　　　　　　　　　　　　**U.S. Bankruptcy Judge**

cm:    Maria C. Bethel
       6704 Thomas Blvd #2R
       Pittsburgh, PA 15208

       Craig M. Bethel
       54 Beelen Street
       Pittsburgh, PA 15213

       P. Andrew Diamond
       1040 Fifth Avenue
       Pittsburgh, PA 15219

       Stanley G. Makoroff, Esq.
       1200 Koppers Building
       Pittsburgh, PA 15219